## CARPENTER v. E. I. DUPONT DE NEMOURS & CO.

### No. 2099.

Court of Appeal of Louisiana. First Circuit.

March 4, 1940.

W. Frank Gladney and Jos. A. Gladney, both of Baton Rouge, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit for compensation for the maximum amount allowed under the Workmen's Compensation Statute, Act No. 20 of 1914, which was dismissed by a judgment of the district court on a plea of prescription. From that judgment, plaintiff has taken this appeal.

The facts as set out in plaintiff's petition are substantially as follows: Plaintiff was employed by the defendant on April 26, 1937, and remained in its employ until April 14, 1939. On July 21, 1937, about three months after he began work and almost one year and eleven months before the date of filing his suit and service being made on the defendant, he sustained an injury of a disabling nature. Immediately after·he was injured, he was sent to the employer's hospital where he was examined by their physicians and his injury diagnosed as a simple muscle strain. He was advised to take care of himself and not to lift or pull on heavy loads, and the opinion of the doctors was that his condition would heal in a short time. There was no improvement, however, and he continued to complain but the doctors insisted that he actually was improving and his trouble would soon clear up. They advised that he should be put on light duties.

Plaintiff then learned from examinations of reputable physicians, that his injury had resulted in a right femoral hernia. He requested his employer to arrange for an operation which was declined, the employer still insisting that he would get completely well in natural course without operation and by being allowed relatively light work and by wearing a truss whenever his condition became troublesome.

According to plaintiff's further statement as contained in his petition, his employer induced him to temporarily forego any claim for compensation payments under the law by assuring him repeatedly that he would be taken care of and given work as long as construction lasted and that ultimately, if he did not get well, he would be taken care of to his full satisfaction. As a matter of fact, he was kept on the pay roll at the same wages he had been earning, as we understand, until April 14, 1939, with the exception of two short lay-offs.

For the purpose of considering and passing on the plea of prescription, the allegations of fact contained in the petition, and as hereinabove outlined, are to be taken as true. Foster & Glassell Co. Ltd. v. Knight Bros., 152 La. 596, 93 So. 913; Warn v. Mexican Petroleum Corporation, 6 La.App. 55.

Two important facts bearing on the question at issue are very definitely revealed in the foregoing condensed statement of facts. These are that the plaintiff sustained an injury on July 21, 1937, for which he decidedly was of the opinion that he had a just claim for compensation and that his employer undoubtedly had notice thereof and that instead of having been put on compensation he was given lighter duties to perform and was kept on the pay roll at regular wages until discharged on April 14, 1939. Here then, up to this point, we have a situation similar to the one that was presented to the court in the case of Ulmer v. E. I. Dupont De Nemours & Company, the same defendant as in this case, La.App., 190 So. 175. The difference in the two cases after that is that in the latter, after the services of the employee had terminated, he was put on compensation, whereas in this case, compensation was refused.

In the·Ulmer case, the plaintiff endeavored to have his claim for compensation reduced to judgment, making the contention that the payments he had received while still on the pay roll were earnings and not payments of compensation within the terms of the statute, and therefore he was entitled to judgment fixing his compensation from the date of his injury which had occurred more than five months previous to the time he was put on compensation by his employer. Under the theory advanced on

behalf of the plaintiff in that case, he would have been entitled to compensation at the rate of $20 per week for some forty-two weeks or more notwithstanding the fact that he had received wages of $40 per week during that same period. The lower court and this court both rejected plaintiff's contention holding that as compensation insurance is essentially insurance against loss or diminution of earning capacity (Rylander v. T. Smith & Son, Inc., 177 La. 716, 149 So. 434) and as during the forty-two or more weeks' time plaintiff had received his full wages, it was obvious that he had not suffered any such loss of or impairment to his earning power and he was therefore not entitled to recover. We held that where an employee is injured in such manner that his capacity to work is affected and he is entitled to compensation, but the employer, instead, continues to pay him his usual wages whether his services are commensurate with the wages paid or not, and they equal or exceed the maximum amount of compensation he could receive under the statute, a suit for compensation for the period during which said wages are being paid would be premature.

That is exactly the situation which would have presented itself in the present case prior to April 14, 1939, when plaintiff was discharged and his wages stopped, and it follows from the decision in the Ulmer case that a suit filed by plaintiff at any time before that date would have been premature and would have been dismissed. The law does not contemplate that a person should go through the idle formality of filing a suit which he knows would be dismissed on a plea of prematurity in order to protect his rights under his claim for compensation.

■■ The contention of counsel for defendant in this case would call for a strict and literal interpretation of the language of Section 31 of the Compensation Statute as amended by Act No. 29 of 1934, which is the section that relates to prescription and on which the plea is based. It is therein provided, "that in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments

have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. * * *" As we understand counsel, in order to save his claim from the effect of the year's prescription under this section, the only payments the injured employee would be authorized to accept from his employer would be the actual amount of compensation due him under the statute, and such payments would have to be classified as strictly compensation payments. If we are to apply a literal interpretation to the language of the section, why not carry it further and say that nothing short of a formal agreement entered into between the employer and the employee stipulating the exact amount to be paid is necessary? But the statute itself, as is well known, calls for a liberal interpretation of its provisions in favor of the injured employee, and it is our confirmed opinion that when, with knowledge of the employee's disabling injury, the employer continues to pay him his usual wages, which is 35% more than the amount of compensation he would have to pay, for performing lighter services than he was doing before, there results a situation in which the provisions of the statute regarding the bar of peremption have been fully satisfied and as long as those payments continue prescription does not run. Otherwise, it is obvious that the employer could defeat every just claim for compensation for a period of more than fifty-two weeks by simply keeping the injured employee on the pay roll at a wage which is the equivalent of the amount of compensation he would be entitled to, or more, for a year and a day.

Reverting now to the section of the act under consideration, the necessary portion of which we have quoted herein, it is observed, that where payments have been made, prescription does not take effect until the expiration of one year from the date of the last payment. The last payment in this case, according to the allegations of the petition, having been made on April 14, 1939, it follows that the suit which was filed on June 20th of that year was filed within the prescriptive period and the plea of prescription cannot prevail.

For the reasons herein stated, it is now ordered that the judgment appealed from be and the same is hereby annulled, set aside and reversed, and it is further ordered that the plea of prescription be and

the same is hereby overruled, and that the case be remanded to the district court for further proceedings according to law. All costs to this date to be borne by the defendant, appellee, and all future costs to abide the final decision of the case.