Plaintiff brought this suit to recover compensation at the rate of $16.90 per week for a period of 100 weeks, or the total sum of $1,690, payable in weekly installments. He alleged that his employment required him to work with and around acids; that on or about January 11, 1936, "by reason of an accident petitioner lost the sight of his right eye, which loss is permanent and total." He then alleged how the accident occurred: That while he was in a stooping position washing some equipment with acid by the side of a wagon into which caustic soda was pouring from a pipe, and from which pipe large stones drop from time to time, a stone dropped into the caustic soda in the wagon and splashed the acid into his right eye; that immediately after said accident, he washed his eye with a vinegar preparation prepared and furnished him by his employer for that purpose.
He further alleged that within ten days he reported the accident to his employer, who sent him to Dr. Lionel Lorio, and this doctor treated him and fitted him with glasses at the expense of the employer; that within ten days his employer knew of the accident and the time, nature, cause and extent of his injury; that his employment with the defendant continued without interruption, and from time to time his wages were increased and his duties as an employee were changed until April 22, 1942, on which date he received his last payment for wages; that he has never been paid any compensation for the loss of his right eye, and that no agreement has ever been made for the payment of compensation.
The suit was filed on January 20, 1943, and the defendant filed pleas of one and two years prescription or peremption under Section 31 of Act 20 of 1914, as amended. The trial judge sustained the plea of two years prescription or peremption. *Page 239 
and dismissed the suit. Plaintiff has appealed.
The above section, as amended by Act 29 of 1934, reads as follows: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident."
The contention of counsel for plaintiff is that the allegations of the petition, which must be taken as true for the purpose of these pleas, show that the injury (the loss of sight in the right eye) occurred at the time of the accident or immediately thereafter, and for that reason the one year prescription provided in the first part of the section is to be applied in determining whether or not the claim is prescribed; and not the two year prescription which it is contended only applies where the injury develops after the accident, in which case the suit must be brought in any event within two years from the date of the accident.
Learned counsel for the plaintiff take the position that, as the plaintiff was paid wages in excess of the compensation that he would have been paid from the date of the accident to April, 1942, the prescription or peremption did not run during that period. They base their argument almost entirely on the holding of this court in the case of Carpenter v. E.I. Dupont De Nemours Co., 194 So. 99, where we held that, if an employer continues to pay his employee his usual wages, with full knowledge of a disabling injury, for lighter work than the employee was doing before the injury, such payment of wages would interrupt the running of prescription against the claim for compensation. We are of the opinion that the ruling in the Carpenter case was correct under the facts as disclosed by the petition in that case, but the facts in the present case as disclosed by the petition are not similar to the facts in the Carpenter case. In the latter case, the employee was put on lighter work and was assured by his employer that he would be taken care of and given work as long as the construction lasted, and that if he did not recover, he would be taken care of to his full satisfaction. In fact, the principal reason for our holding in that case that prescription had been interrupted was because the employer had lulled the employee into a false sense of security and had, in a way, misled or at least induced the employee into foregoing or withholding the prosecution of his claim for compensation, and for that reason the employer could not take advantage of his conduct and plead prescription as a bar to the claim for compensation. There is nothing in the petition in the present case to show that the employer did anything to induce plaintiff to refrain from having his claim adjudicated.
In the recent case of Carlino v. United States Fidelity 
Guaranty Co., 196 La. 400, 199 So. 228, the Supreme Court, on rehearing, held that where an employee was paid equal or greater wages by his employer after the accident than he was before did not prevent the employee from bringing a suit in order to have his compensation fixed, but he could not enforce payment of the compensation so long as his employer was paying him wages equal to or in excess of the amount of compensation as it accrued, these payments of wages to serve only as payment of compensation during the period in which the wages were paid, and on the cessation of payment of wages, the compensation payments would begin to accrue. The court in that case commented on the statement which we made in the case of Ulmer v. E.I. Dupont De Nemours Co., 190 So. 175, to the effect that so long as an employee is receiving from his employer wages equal to or in excess of the compensation he would receive, whether the work he was doing after the accident was commensurate with his wages or not, a suit by such employee for compensation brought during the time such wages were being paid would be premature. The Supreme Court said such a suit would not be premature, but would be unavailing because there would be no cause or right of action for *Page 240 
compensation during the period wages were being paid equal to or in excess of the compensation. The court said in commenting on the Ulmer case:
"Our opinion is that a suit brought by an injured employee for compensation for a period during which he is paid wages equal to or exceeding in amount the compensation claimed would be unavailing, not on the ground of its being premature, but because there would be no cause or right of action for compensation for that period." [196 La. 400, 199 So. 233.]
The only difference in the ruling of the Supreme Court in the Carlino case and our ruling in the Ulmer case is that the Supreme Court held that an employee had no cause or right of action to compel his employer to pay him compensation while he was receiving wages equal to or greater than the compensation, while we held in the Ulmer case that a suit to recover compensation during such a period would be premature. The rulings in both cases are grounded on the same principle, i.e., that an employee cannot force his employer to pay him compensation while he is receiving wages equal to or exceeding the amount of compensation payments that he would be entitled to receive during that period. Therefore, the statement made by the trial court and copied in the opinion by our brethren of the Second Circuit in the case of Phillips v. Wohlfeld et al., 10 So.2d 258, to the effect that the Ulmer case was overruled is not entirely correct. So that, under the ruling in the Carlino case, the plaintiff had a right and it was his duty to bring a suit against his employer within the prescriptive period and have his compensation fixed, regardless of whether or not he could have forced his employer to pay the compensation during the period he was receiving his regular wages. It will be noted that in the Ulmer case, supra, we based our holding to the effect that an employee cannot force his employer to pay him compensation so long as he is receiving wages equal to or exceeding his compensation, on the ground that the compensation is paid, not as damages sustained by the employee on account of the injury, but because of his loss or diminution in earning power, and where he receives his regular wages after the accident there is no loss or diminution in his earning capacity during the time he receives such wages.
The claim of the plaintiff is for a specific loss, and his right to recover 65% of his wages for 100 weeks for the loss of his eye did not depend on his capacity to work. Regardless of the fact that he was able to continue his work and earn as much or more than he did before the accident, he still had a right to file a suit and enforce collection for his specific loss, and he was bound to have an adjudication or adjustment made of his claim within the prescriptive period. This he failed to do.
Both the one year prescription and the two year prescription are overall bars to the prosecution of a suit for compensation unless the suit is filed within the prescriptive periods, subject, however, to certain causes which will suspend or interrupt the running of the prescription, such as the payment of compensation under the provisions of the act during the course of the payments, the filing of a suit in a court of competent jurisdiction as was the case in Harris v. Traders General Insurance Co., 200 La. 445, 8 So.2d 289, where the plaintiff did everything he reasonably could do to keep his claim alive, or in a situation where the plaintiff is prevented from bringing his suit through no fault of his, or where by the acts and conduct of the employer the employee is lulled into inaction and induced to believe that he will be taken care of as was the situation in the Carpenter case above mentioned.
It is obvious that whether the prescription of one year or that of two years is to be applied in this case, the claim of plaintiff is prescribed.
For the reasons assigned, the judgment appealed from is hereby affirmed. *Page 241