189 So.2d 716 (1966)
Paul J. MELLA
v.
CONTINENTAL EMSCO, a Division of Youngstown Sheet & Tube Co.
No. 6739.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Rehearing Denied September 19, 1966.
Writ Refused November 7, 1966.
*717 Wilson C. Krebs of Rhodes & Krebs, Berwick, for appellant.
Ray Allen, of Davidson, Meaux, Onebane & Donohoe, Lafayette, for appellee.
Before LOTTINGER, LANDRY, REID, BAILES and LEAR, JJ.
LANDRY, Judge.
This is an appeal by an injured employee from the judgment of the trial court dismissing his claim for workmen's compensation benefits upon a plea of two years peremption filed by his employer, Continental Emsco, a Division of Youngstown Sheet & Tube Co. (Emsco), which defendant plead both one and two years prescription and peremption predicated upon LSA-R.S. 23:1209.
It is conceded plaintiff was injured on December 12, 1961, and the instant suit was filed February 19, 1965, a period of three years and two months subsequently. As we understand the argument advanced by counsel for appellant, the complaint on appeal is that the learned trial court erred in failing to overrule defendant's pleas of prescription because (1) defendant lulled plaintiff into a sense of false security by rehiring appellant thereby inducing him to forego timely filing of a claim and having thus misled plaintiff was barred from pleading prescription on authority of Arnold v. Solvay Process Co., La.App., 15 So.2d 238 and Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99; (2) defendant paid unearned wages in lieu of compensation following plaintiff's return to work thus interrupting prescription as held in Brooks v. G. E. Johnson Lumber Co., La.App., 41 So.2d 121; Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377; Gary v. Fidelity & Casualty Co. of New York, La.App., 158 So.2d 866; Watson v. United States Tobacco Company, La.App., 87 So.2d 205; and Russell v. Employers Mutual Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82; and (3) the trial court improperly sustained *718 the plea of two years' peremption based on the authority of Morgan v. Rust Engineering Company, La.App., 52 So.2d 86; Cook v. International Paper Co., La.App., 42 So.2d 558; and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522.
By stipulation and testimony of record, it appears that plaintiff sustained a disabling back injury on December 12, 1961, while acting within the scope and during the course of his employment by Emsco in the capacity of warehouseman, a position involving the performance of manual labor. Appellant's disability was immediately manifest and continued from the date of the accident until July 10, 1962, during which interval plaintiff was treated by numerous medical experts one of whom, Dr. Robert M. Rose, an orthopedist, performed a laminectomy which in laymen's terminology means the surgical removal of a herniated disc. Upon returning to work on July 10, 1962, appellant was advised by Dr. Rose not to resume his former duties but to perform only work of a light nature. From July, 1962, until plaintiff was compelled to resign in December, 1964, because of recurring back pains, appellant was engaged full time by defendant as a bookkeeper and office clerk. The record is uncontroverted to the effect that following his return to work in July, 1962, appellant fully performed and discharged all duties and functions incumbent upon him in his new classification of bookkeeper although he continued to experience some pain and discomfort and occasionally sought medical aid.
The thrust of appellant's argument is that upon returning to work prescription was interrupted and alternatively, his disability did not become manifest until he was compelled to cease work in December, 1964, consequently the one year's prescription provided for in LSA-R.S. 23:1209 did not begin to run until that time therefore institution of suit in February, 1965, was timely.
The pertinent statute, LSA-R.S. 23:1209, reads as follows:
"§ 1209. Prescription
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
The nature and operation of the one and two years prescriptive and peremptive periods provided for in the pertinent statute have been explained by the Supreme Court in Wallace v. Remington Rand, Inc. et al., 229 La. 651, 86 So.2d 522, as follows:
"R.S. 23:1209 provides for two periods of limitation. Initially, it prescribes a period of one year from the date of the accident within which suit must be brought. This prescription is interrupted by the making of compensation payments and it does not begin to run again until after the last compensation payment is made. The other limitation, which was provided by the amendatory Act 29 of 1934, is also a prescription of one year, coupled with a peremption of two years. It declares `Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred *719 unless the proceedings have been begun within two years from the date of the accident.'"
The jurisprudence has evolved that where the injury is manifest immediately upon the occurrence of the accident suit must be instituted within one year of the date thereof unless its tolling is interrupted. Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99; Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407; Walker v. Mansfield Hardwood Lumber Co., La.App., 35 So.2d 610. It is also now well established that where the injury does not manifest itself immediately upon the occurrence of the accident, the one year's prescription provided by the latter part of the applicable statute does not begin to run until the injury (disability) becomes apparent, provided the suit be instituted within two years of the date of the accident. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Johnson v. Cabot Carbon Company, 227 La. 941, 81 So.2d 2; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522.
In considering the question of interruption by the payment of compensation benefits as expressly provided in LSA-R.S. 23:1209 the courts have, of course, followed the plain mandate of the statute and held such payments constitute an interruption. Esthey v. Avondale Marine Ways, La.App., 25 So.2d 631.
It has likewise become settled law that payment of unearned wages (wages in lieu of compensation) operate to interrupt the running of prescription to the same effect as do compensation payments as such. Hulo v. City of New Iberia, 153 La. 284, 95 So. 719; Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228. See also Scalise v. Liberty Mutual Insurance Company, La.App., 84 So.2d 88, and the numerous authorities therein cited.
From the foregoing it appears that the running of prescription may be interrupted by either the payment of compensation as such, or payment of wages in lieu of compensation irrespective of whether the one year period commences at the date of the accident (because the injury and disability is immediately manifest) or whether it commences subsequently because the disability thereafter becomes apparent. We are aware of no authority making a distinction predicated upon whether the year begins at the date of accident or later. Such a conclusion, in our judgment, would contravene the liberal rule of construction which must be accorded the workmen compensation laws of this state as held in Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.
In this regard we cite with approval the following pertinent observations appearing in Arnold v. Solvay Process Co., La.App., 15 So.2d 238, to-wit:
"Both the one year prescription and the two year prescription are overall bars to the prosecution of a suit for compensation unless the suit is filed within the prescriptive periods, subject, however, to certain causes which will suspend or interrupt the running of the prescription, such as the payment of compensation under the provisions of the act during the course of the payments, the filing of a suit in a court of competent jurisdiction as was the case in Harris v. Traders & General Insurance Co., 200 La. 445, 8 So.2d 289, where the plaintiff did everything he reasonably could do to keep his claim alive, or in a situation where the plaintiff is prevented from bringing his suit through no fault of his, or where by the acts and conduct of the employer the employee is lulled into inaction and induced to believe that he will be taken care of as was the situation in the Carpenter case above mentioned."
We concur in the premise that both the one and two year prescriptions or peremptions are subject to interruption for the reasons set forth in the hereinabove quoted language from the Arnold case, supra. To such list of causes, we believe, must be added *720 interruption resulting from wages paid in lieu of compensation.
In the case at bar it is clear beyond doubt plaintiff's injury and disability were immediately known following the accident. Under such circumstances the first portion of the applicable statute, namely, that part requiring institution of suit within a year of the accident is controlling and plaintiff's claim must be deemed prescribed under the one year provision unless plaintiff can show either that the suit was filed within a year of said date or that the running of the year's prescriptive period was interrupted. Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99.
Obviously suit was not instituted by plaintiff within a year of the date of his accident considering his injury occurred December 12, 1961, and this action was not filed until more than three years thereafter. It therefore rests upon appellant to establish interruption of the one year applicable prescription.
It appears that following his return to work in July, 1962, appellant engaged in work of an entirely new and different classification. He was employed as a bookkeeper at which undertaking he worked an average of 8 hours daily, six days per week, occasionally doing overtime. It further appears that in such capacity plaintiff discharged all duties incumbent upon him without assistance for which services he received a salary commensurate with his efforts. It would suffice nothing to belabor the point further except to state that the record contains abundant proof that plaintiff's wages upon returning to work were fully earned and did not constitute wages in lieu of compensation. Under such circumstances the prescription running against appellant's claim was not interrupted. Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228.
As correctly urged by counsel for appellant, an employer is estopped from pleading prescription if, by subterfuge or connivance, he lulls an employee into a false sense of security by misleading the employee into believing he will be continued in employment thus inducing forbearance in the prosecution of the claim until prescription has accrued. Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99; Arnold v. Solvay Process Company, La.App., 15 So.2d 238, affirmed 207 La. 8, 20 So.2d 407.
Although appellant by supplemental and amending petition expressly charges subterfuge on the part of defendant, the record fails to disclose that such was the case. Upon plaintiff's return to work in July, 1962, both appellant and his employer were aware that appellant was unable to resume his former duties. Defendant offered plaintiff the new position in consideration of plaintiff's many prior years of efficient and loyal service. When plaintiff first returned he was paid $395.00 monthly, the going rate for bookkeepers and when he left in December, 1964, he was receiving a salary of $425.00 per month. We believe further elaboration of the events and circumstances attending appellant's return would serve no useful purpose except that we consider of utmost significance plaintiff's own admission on direct examination that upon returning to work the length of his future employment was never discussed.
The testimony of record considered, we conclude appellant has failed to sustain the charge he was deceived and misled by his employer from filing suit until prescription had accrued on his claim.
The views herein expressed obviate the necessity of passing upon appellant's third contention, namely, that our distinguished brother below improperly held the two year prescriptive period applicable. Since appellant's claim had prescribed because of his failure to file suit within one year of the accident, any observation on our part *721 regarding the two year period called for in the statute would be obiter dictum.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.