205 So.2d 507 (1967)
Conrad J. DAIGLE, Plaintiff and Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant and Appellee.
No. 2223.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1967.
Rehearing Denied January 29, 1968.
Paul C. Tate, Mamou, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torain, II, Lafayette, for defendant-appellee.
Before HOOD, CULPEPPER and LEAR, JJ.
CULPEPPER, Judge.
The plaintiff, Conrad J. Daigle, seeks workmen's compensation benefits for permanent and total disability due to the loss of an eye. The defendant, Liberty Mutual Insurance Company, is the employer's insurer. The district judge sustained defendant's exception of prescription on the grounds that this suit was not filed within one year after the last workmen's compensation payment was made. Plaintiff appealed.
The substantial issue on appeal is whether prescription was interrupted by the payment of unearned wages, in lieu of *508 compensation benefits, within the year preceding the filing of this suit. LSA-R.S. 23:1209.
The facts show that plaintiff, a dragline operator for the Hub City Contractors, was a passenger in a truck on June 29, 1960 when an object struck the windshield and caused glass to fly into his eye. It is not disputed that plaintiff was in the course and scope of his employment and that this was a compensable injury.
Immediately after the accident, plaintiff underwent an operation for the removal of the glass from his eye. He was off from work until September 16, 1960, on which date he returned to his employment. However, cataracts developed in the eye and he had to undergo a second operation on July 24, 1961. After this second operation he returned to work on September 18, 1961, as of which date compensation payments were stopped and none paid thereafter.
Plaintiff continued to work for Hub City Contractors as a dragline operator until February or March of 1962, at which time the employer filed a petition for bankruptcy and all of its employees were discharged. The instant suit was filed on June 11, 1963, which was over one year after the last payment of compensation by the defendant insurer on September 18, 1961.
Plaintiff contends prescription was interrupted by the payment of unearned wages in lieu of workmen's compensation within the year preceding the filing of suit, i. e., during February or March of 1962, the last performance of work for Hub City Contractors.[1] The facts show that at the time of the accident in 1960 plaintiff was a "first class" dragline operator. He explained that Hub City Contractors owned about six draglines and employed approximately twelve operators. Three or four of these operators, including plaintiff, were more skilled than the others and did all of the "rigging up" for new jobs and also the digging and filling which had to be done to a certain grade. These more skilled operators were paid $1.75 per hour. The remaining operators did less skilled work consisting of back filling and building roads and received only $1.50 per hour.
Plaintiff testified that before the accident most of his work was rigging up and working to a grade. After the accident most of his work was of the type requiring less skill, i. e., back filling and building roads. However, plaintiff continued to receive $1.75 per hour. He contends this wage was not earned.
Furthermore, plaintiff testified that after the accident he was assigned a relief operator as oiler to help him do his work. The other operators had only the usual oilers who could not operate the machine. He contends this is a factor tending to prove he did not earn his wages.
The applicable statute is LSA-R.S. 23:1209, which provides in pertinent part that where compensation payments "have been made in any case, the limitation (barring suit) shall not take effect until the expiration of one year from the time of making the last payment." One of the recent cases from this court interpreting the cited statute is Ledoux v. William T. Burton Company, 171 So.2d 795 (3rd Cir. 1965), writ denied 247 La. 715, 174 So.2d 130. Plaintiff, who did heavy manual labor in a shipyard, strained his back. After he returned to work he was assigned lighter duties as a cook, but was paid the same wage that he had received for heavy work. A strong contention was made, as shown by the very able dissenting opinion, *509 that where the retained employee is admittedly disabled and is transferred at full pay to lighter duties, there is an implied agreement that the wages are not earned and are paid in lieu of compensation, thereby interrupting prescription. However, a majority of this court held that although a transfer to lighter duties is relevant to the question of whether the wages are actually earned, it is not decisive of it, citing Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962). We held the basic test for determining whether wages are paid in lieu of compensation is whether the wages are actually earned; an issue which depends on the facts of each case.
A more recent case following the same rule and reaching the same result is Deen v. Halliburton Oil Well Cementing Company, 180 So.2d 584 (La.App. 1st Cir. 1965). A cement truck driver earning $1.36 per hour before the accident returned to work and was assigned lighter duties as a truck dispatcher, but his wages were increased to $1.78 per hour. The court held the evidence showed that although the work was lighter the increased wages were fully earned and were not in lieu of compensation. Another similar case is Mella v. Continental Emsco, 189 So.2d 716 (La.App. 1st Cir. 1966, writ refused) where a warehouseman suffered a ruptured intervertebral disc. On returning to work he was assigned lighter duties as a bookkeeper and office clerk at the same wages which he had earned before the accident. The court found the evidence showed the wages were fully earned and were not a gratuity in lieu of compensation.
Other cases following the same "wages actually earned" test, but reaching a contrary result are: Scalise v. Liberty Mutual Insurance Company, 84 So.2d 88 (La.App. 1st Cir. 1955) where a welder injured his leg and on return to work was assigned lighter non-climbing duties, but was still paid his former wages of $1.20 per hour. The evidence showed, as both plaintiff and the employer testified, that plaintiff's wages on returning to work were actually worth only 90¢ an hour. Hence the wages were not earned and were in lieu of compensation, interrupting prescription. A recent case from this court is Ortego v. Cabot Corporation, 180 So.2d 598 (3rd Cir. 1965), where a warehouseman who earned $2.59 an hour doing heavy manual labor suffered a ruptured intervertebral disc. After his return to work he was assigned lighter duties as a janitor, but his wages remained at $2.59 per hour, although the other janitors received much less pay. The facts showed clearly that plaintiff was not earning his wages and that they were paid in lieu of compensation, thereby interrupting prescription.
With this jurisprudence in mind, let us again look at the facts of the present case. The only difference between plaintiff's duties before and after the accident is that he says most of his time before the accident was spent in rigging up and moving dirt "to a grade", whereas after the accident most of his work was back filling and road building, a less skilled operation. As is shown by the above jurisprudence, the mere fact that the duties were similar or dissimilar, heavier or lighter, or more or less skilled, is relevant but not determinative. Plaintiff must show that he was not earning his wages after the accident. Of course, here there was no express agreement that these wages, or any part thereof, were in the nature of a gratuity. Plaintiff says that most of the other operators were only receiving $1.50 per hour, whereas he was receiving $1.75 per hour, but plaintiff was more experienced and apparently was a very skilled operator, and the employer was apparently glad to have him work at the same wage he had been receiving, even though he had the sight of only one eye. In this regard, it is interesting to note that on the date this case was tried, October 15, 1963, plaintiff was working as a dragline *510 operator for another employer and was earning $2 per hour, which was more than he had received while working for Hub City Contractors about a year before.
Summarizing, plaintiff has failed to carry his burden of proving that the wages paid after the accident, or any part thereof, were a gratuity in lieu of compensation.
Plaintiff also argues that defendant is estopped to plead prescription because plaintiff was lulled into foregoing the filing of suit by the employer's assurances that he would be taken care of.[2] The only evidence to support this contention is plaintiff's own testimony that the employer agreed to pay the medical expense, even if the insurer refused and agreed to re-employ plaintiff after the bankruptcy. Plaintiff argues that this, together with his retention at the same pay and being assigned a helper, lulled him into believing his best interests would be served by not filing suit. Our answer to this argument is that, even assuming plaintiff's unsupported testimony is sufficient to show "lulling" by the employer before the bankruptcy, there certainly could have been no further "lulling" after the bankruptcy petition was filed. Plaintiff could have brought a direct action against the insurer even after the bankruptcy proceedings. There was certainly nothing which the employer or the insurer did after the bankruptcy to "lull" plaintiff into thinking it was to his best interests not to file suit.
Plaintiff filed a motion to remand this case to the District Court for further evidence on the issue of the suspension of prescription by the bankruptcy of the employer. However, as stated above, we have found plaintiff's claim prescribed regardless of the bankruptcy proceedings. Hence, the motion to remand is denied.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeals are assessed against the plaintiff appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Although another issue is raised as to whether prescription was suspended by the bankruptcy proceedings, we do not find it necessary to decide this issue because we have concluded that the wages paid, whether paid by Hub City Contractors before the bankruptcy or by the trustee in bankruptcy, were not in lieu of workmen's compensation.
[2] Mella v. Continental Emsco, La.App., 189 So.2d 716; Carpenter v. E. I. Dupont De Nemours & Co., La.App., 194 So. 99; Arnold v. Solvay Process Company, La.App., 15 So.2d 238.