MILLER, Judge.
Plaintiff Wilson J. Landry appeals the trial court’s dismissal of his workmen’s compensation claim on defendant’s exception of prescription. We affirm in part and in part, reverse and remand.
Plaintiff was employed by defendant Nelson Ferguson as a farm laborer at a salary of $2S0 per month plus fringe benefits which included a rent-free house together with meat and rice for his table and gasoline for his car. On September 1, 1967 plaintiff suffered a job related accident causing a compound comminuted fracture of the lower third of the tibia of the left leg. Defendant arranged for treatment by Dr. Edmund C. Campbell, orthopedic surgeon of Lake Charles. After four months treatment, plaintiff was returned to light duty and assumed his regular duties in March 1968. Plaintiff continued his du *748 ties until May 1969 at which time he underwent bone graft surgery to correct the healing of the fracture. The operation was performed on May 7, 1969 and suit was filed on July 11, 1969. Defendant’s exception of prescription of one year was tried and sustained.
After the accident and during the four months plaintiff was recovering and could not work, his employer paid his full $250 per ’ month salary and fringe benefits. When plaintiff resumed work in February 1968, he was being paid at the same rate. On September 1, 1968, plaintiff’s base pay was increased to $275 a month. On January 1, 1969, his pay was increased to $300 per month and this rate continued until he quit work in May 1969 to have the surgery.
Plaintiff contends that payment of salary from September 1967 to May 1969 was in lieu of compensation and thereby interrupted prescription. We differ. It is true that payments made during the time that plaintiff did not work were properly characterized as payments in lieu of compensation. But plaintiff returned to full duties in March 1968 and LSA-R.S. 23:1209 provides :
“ . . . Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.” (Emphasis added.)
Several witnesses testified to the possible gratuitous nature of salary paid after February 1968. The evidence preponderates that though plaintiff wore a metal and leather brace on his leg most of the time from February 1968 to May 1969, he nonetheless earned every cent of his salary from March 1968 to May 1969. The records shows that with the exception of walking the rice levees, plaintiff performed substantially every duty he had performed prior to the accident. Plaintiff’s father-in-law testified that -plaintiff continued to work from daylight to dark.
Plaintiff admitted that he was earning his pay from around May 1968 and said he believed that his pay increases were justified on the basis of his performance.
Plaintiff has the burden of proving an interruption of prescription when one year has elapsed since the last compensation payment (or salary in lieu of compensation) and defendant has pleaded prescription. Harrell v. Travelers Insurance Company, 255 So.2d 410, 411 (La.App. 1 Cir. 1971).
While payment of wages in lieu of compensation interrupts the prescriptive period provided for by LSA-R.S. 23:1209, the basic test for determining whether salary is in lieu of compensation is whether the wages paid after the injury are actually earned. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377, 380 (1962).
The test for treating wages as in lieu of compensation is not whether he does all his prior work; rather the test is whether the wages are earned by such work as the claimant in fact performed. Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756, 758 (La.App. 4 Cir. 1969).
The fact that the duties were similar or dissimilar, heavier or lighter, or more or less skilled, is relevant but not determinative. Plaintiff must show that he was not earning his wages after the accident. Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507, 509 (La.App. 3 Cir. 1967). See also 2 Larson Workmen’s Compensation Law, Section 5742, page 19.
There is no manifest error in the trial court’s determination that plaintiff fully earned his pay from March 1968 until May 1969 and that prescription was not therefore interrupted.
Plaintiff suggests that prescription was suspended because of a remission of symptoms of the injury during the period February 1968 to May 1969. No medical or lay evidence supports this proposition and it is given no consideration.
*749 Finally, plaintiff argues that defendant should be estopped to claim prescription. He cites the principle enunciated in Mella v. Continental Emsco, 189 So.2d 716 (La.App. 1 Cir. 1966), that where an employer lulls an employee into a false sense of security by misleading the employee into believing he will be continued in employment and thereby induces forbearance in the prosecution of a claim for one year, the employer will be estopped to plead prescription.
The only assurances received by plaintiff relating to the payment of wages were those made by defendant just after the accident. Defendant then promised only that he would continue to pay plaintiff’s salary until he could “ . . .go back to work on my regular every day job.” This period of payment lasted for four months and after granting the initial assurance, thus limited, no further promises were made. There is no manifest error in the trial court’s determination that plaintiff was not induced by defendant to forego filing suit for weekly compensation. If any sense of security was created which caused plaintiff to forego legal action, it stemmed from his ability to return to his former employment and earn not only his wages but two salary increases as well.
Nevertheless, defendant is liable for the payment of medical expenses. It is proper to consider liability for medical expenses separately from liability for compensation. Malone, Louisiana Workmen’s Compensation, section 384, p. 400; section 285, p. 365. The claim for medical expenses is considered as a liability separate from that of compensation. LSA-R.S. 23 :- 1204; Rowley v. Lumbermen’s Mutual Casualty Company, 247 So.2d 135, 136 (La.App. 4 Cir. 1971). Therefore, actions taken by defendant in respect to one claim had no effect on the other.
We find that defendant is estopped to deny, by way of prescription, his liability for medical expenses. The record shows that prior to or after every medical treatment until May 1969, defendant assured plaintiff that defendant would pay these expenses. All bills and medical reports were sent directly to defendant by Dr. Campbell and Dr. Campbell repeatedy requested payment which was never made. Additionally, defendant conferred with Dr. Campbell over the telephone regarding plaintiff’s progress and the feasibility of additional medical opinions and treatments. Defendant in his appellate brief admits that “ . . . defendant clearly intended to assume responsibility for the payment of plaintiff’s medical expenses in connection with his work connected accident.”
Defendant assumed responsibility for payment of plaintiff’s medical expenses. This agreement continued until May 1969 whereupon defendant informed plaintiff that he would not pay for plaintiff’s fusion operation.
Defendant’s action and representations relative to plaintiff’s medical expenses are a prime example of an employer’s lulling an employee into a false sense of security and thereby inducing a forebearance in the prosecution of his legitimate claim for medical expenses. On notice that defendant refused to pay for the needed operation, plaintiff sought legal advice. Defendant is estopped to plead prescription against plaintiff’s claim for medical expenses. Mella v. Continental Emsco, 189 So.2d 716, 720 (La.App. 1 Cir. 1966).
Plaintiff sued for medical expenses under the workmen’s compensation statute. Since this part of the claim has not prescribed, we remand the case for trial of this portion of the claim. The determination that plaintiff’s claim for weekly compensation has prescribed is correct and is affirmed.
The case is remanded for trial of plaintiff’s claim for medical expenses. The remainder of the trial court judgment is affirmed. Defendant is assessed with all court costs which have accrued to date, both at trial and on appeal.
*750 Affirmed in part; in part reversed and remanded.
CULPEPPER, J., dissents and assigns written reasons.