451 So.2d 63 (1984)
Frank CARTER
v.
BELLE CHASSE STATE SCHOOL, Louisiana Department of Health and Human Resources, State of Louisiana, and Rockwood Insurance Company.
No. CA-1562.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Rehearing Denied June 26, 1984.
*64 Occhipinti & Mura, John A. Occhipinti, William E. Mura, Jr., New Orleans, for plaintiff-appellee Frank Carter.
O'Keefe, O'Keefe & Berrigan, Dennis J. Phayer, New Orleans, for defendants-appellants Belle Chasse State School, The Department of Health and Human Resources, the State of Louisiana, and Rockwood Insurance Company.
Before REDMANN, C.J., and KLEES and BYRNES, JJ.
KLEES, Judge.

FACTS
In this Workmen's Compensation action, Defendant-appellants, Belle Chasse State School, Louisiana Department of Health and Human Resources, State of Louisiana, and Rockwood Insurance Company appeal from a judgment decreeing plaintiff-appellee, Frank Carter, totally and permanently disabled, and entitled to total and permanent disability benefits under the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021, et seq.
Carter's original petition for benefits filed on January 23, 1980 was excepted to by appellants who asserted that Carter's claim for Workmen's Compensation benefits had prescribed, since he failed to file his petition within one year from the date of the accident, August, 1978. Carter filed a Supplemental and Amending Petition alleging that the wages paid by appellants to him from January, 1979, through March 20, 1979, constituted "wages paid in lieu of compensation" which tolled the running of prescription to March 20, 1980.
The trial court dismissed the exception of prescription. The appellants have suspensively appealed from the lower court judgment.
The issue presented on appeal is did the trial court err in holding that wages paid Carter by appellants following Carter's discharge from the hospital and return to work constituted "wages in lieu of compensation" sufficient to interrupt the running of prescription on any claims Carter may have had for weekly compensation benefits arising out of the accident of August, 1978. We find no error and affirm.
The litigation currently before this Court arises out of an accident which occurred sometime in August, 1978, at The Belle Chasse School. Plaintiff-appellee, Frank Carter, a mechanic at the school was injured when an overhead garage door came loose from one or more of its rollers striking Carter on the head. Following this accident, he was treated at Jo Ellen Smith Hospital for approximately two months, August 11, 1978 through October 4, 1978, during which time substantial medical expenses were incurred.
Subsequent to his discharge from Jo Ellen Smith Hospital, plaintiff, in January, 1979, returned to work at the Belle Chasse State School. He stayed but for a short period of time and his last date of employment was March 20, 1979.
An examination of Arnold v. Solvay Process Company, 20 So.2d 407 (La. 1944), and Matthews v. New Orleans Public *65 Service, Inc., 349 So.2d 408, (La.App. 4th Cir.1977), indicate that our settled jurisprudence is that payment of wages in lieu of compensation will interrupt prescription just as will compensation payments. Harrell v. Travelers Insurance Co., 255 So.2d 410 (La.App. 1st Cir.1971).
The test to determine if wages were paid in lieu of compensation is whether the wages are actually earned by the employee. O'Quain v. Rockwood Insurance Co., 335 So.2d 85 (La.App. 3rd Cir.1976); Landry v. Ferguson, 264 So.2d 746 (La.App. 3rd Cir. 1972), Ledoux v. William T. Burton Co., 171 So.2d 795 (La.App. 3rd Cir.1965).
If the injured employee actually earns the wages, they are not in lieu of compensation and do not interrupt prescription even if the employee worked in pain. Bell v. Gulf Insurance Company, 313 So.2d 277, (La.App. 3rd Cir.1975). In making that determination the similarity or degree of difficulty of services performed by the employee before and after the accident are relevant, but not conclusive of the issue. Heyman v. Dixie Leasing Corporation, 250 So.2d 118, (La.App. 4th Cir.1971).
A review of the trial record reveals extensive testimony regarding the origin of Carter's injuries and the employer's knowledge of the accident. Carter explained that his injury resulted from a blow to his head from a shed or garage door. He was later hospitalized for approximately six months. He testified that his supervisor Obie Baggett sent him home because he could not perform the required duties. Carter further testified that co-workers Roussel Berry and Clarence Mosley witnessed the accident, and that he reported the accident to his supervisor, Obie Baggett.
Baggett denied having ever had conversations with anyone that would have informed him that a garage door had fallen on Carter's head. He denies knowledge of any accident report, and did not know why Carter resigned.
On cross-examination Baggett testified that Carter was not required to perform his full duties since returning to work after the operation.
Juliana Cossard, a clerk-typist in the Maintenance Department, called by the defense, denied any knowledge of the origin of Carter's injury, or that an accident report had been filed on this matter.
Roussel Berry and Clarence Mosely were co-workers of Carter and each testified that they witnessed the accident. When questioned about Baggett's knowledge of the accident, Berry testified that the supervisor, Baggett, had the malfunctioning door replaced, and that Baggett asked him what had happened. Berry also noted Carter's inability to perform his duties when he returned to work.
It is well accepted that a trial judge is in the best position to determine credibility of witnesses, and that when two equally opposing witnesses testify contrarily to one another on a matter of fact, he may properly believe one and disbelieve the other, and that this finding of fact will not be disturbed upon appeal. Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir.1972).
There is sufficient testimony supporting the trial judge's decision to accept Carter's charge that the wages that he received upon his returning to work, after having been released from the hospital, were wages paid in lieu of compensation. By appellants own admission, Carter was paid his regular salary, but was no longer expected to perform the same duties. Under the facts of this case we cannot conclude that the trial court was manifestly erroneous in finding that the wages in question were not earned and the prescriptive period mandated in LSA-R.S. 23:1209 was interrupted until March 20, 1979.
Accordingly, for the reasons expressed above, we affirm the judgment of the trial court. All costs to be paid by appellants.
AFFIRMED.