FORET, Judge.
This is a suit on open account. Plaintiff, Orlie Pearce d/b/a The Profit System Group, sued Safety & Health Associates, Inc. (hereafter Associates), defendant, based on plaintiff’s allegations that defendant, through its president, Charles Corne, hired the plaintiff in November of 1983 to perform certain independent appraisal work on specific inventory and equipment owned by defendant. The trial court rendered judgment in favor of defendant, dismissing plaintiff’s suit at his costs. From that judgment, plaintiff has appealed.
FACTS
In 1983, negotiations commenced to sell certain assets of Associates. Dick Stiver-son, the Chairman of the Board of Associates, and Winston Fontenot were prospective buyers of the equipment. The lending institution involved required an appraisal prior to financing the purchase.
Consequently, in November of 1983, Or-lie Pearce was asked, by Charles Corne, to submit a resume' regarding his credentials as an appraiser to Associates. On November 4, 1983, Corne, Fontenot, and Stiverson met with Orlie Pearce at the offices of Associates. The facts are undisputed that the figure of $200 per day was quoted as the appraiser’s fee. Pearce spent approximately eighteen days performing the appraisal and inventory at various locations throughout Louisiana, Texas, Mississippi, and New Mexico. Margaret Tremie, an employee of Associates, typed the appraisal and inventory turned in by Pearce and submitted to Corne. Pearce thereafter submitted an invoice in the amount of $3,600.00 to Associates. Associates accepted the invoice and, not until sometime later, did it refuse to pay Pearce for his services.
Corne denies telling plaintiff, Stiverson, or Fontenot that Associates or its parent *1347 company, Delaware North, would pay plaintiff’s fees. In fact, Corne testified he remembered telling plaintiff that Stiverson and Fontenot would be the responsible parties. Contradictorily, Stiverson, Fontenot, and Pearce claim that the implication was that Corne, through Associates, would be responsible for the appraiser’s fee. However, Corne testified that it was his understanding that prior to loan approval, the purchasers, Fontenot and Stiverson, would need the equipment appraised.
Delaware North requested that Corne be as cooperative as possible in the promotion of the sale. Stiverson suggested that plaintiff was agreeable to do the work at $200 per day and asked Corne to check with Fontenot regarding the hiring of the plaintiff. Corne testified that he discussed this matter with Fontenot and Fontenot approved. After consulting with Fontenot, Corne went back into Stiverson’s office and told the plaintiff something to the effect, “Orlie, you’ve got the job.” Corne claims that he at no time intended that Associates pay for the appraisal needed by Stiverson and Fontenot for the bank loan. Although Corne testified that plaintiff was instructed to report to Stiverson, the record reflects that plaintiff submitted his appraisal report to Corne through Associates’ secretary, Margaret Tremie.
Upon completing the appraisal, Corne was presented an invoice by plaintiff in late November or early December. Plaintiff demanded payment on the invoice, but at that time the sale of the business to Stiver-son and Fontenot had fallen through and both men refused to pay.
Pearce testified that he was called into Stiverson’s office and, in the presence of Stiverson, Corne made him an offer. He claims that an agreement was reached that he was to receive $200 per day for appraisal services, plus expenses; however, this agreement was never confirmed in writing. Plaintiff admitted that he had heard rumors that Associates was being sold and knew that Stiverson and a person unknown to him named Winston Fontenot were the prospective buyers. He admits that he did not know that Corne was acting on behalf of Stiverson and Fontenot and just assumed that he was dealing with Corne as President of Associates. Furthermore, plaintiff admitted he had no knowledge of the bank’s requirement that Stiverson and Fontenot obtain an appraisal prior to loan approval. In fact, he admits he was never told why the appraisal was being conducted.
The trial court found that Stiverson was aware that Delaware North (the parent company of Associates) was selling the assets of Associates, and Stiverson associated himself with Fontenot for the purpose of purchasing those assets. Stiverson was Chairman of the Board of Associates at the time. During this time, Fontenot was provided office space in the building to facilitate the purchase negotiations. Fontenot and Stiverson were aware that their purchases were contingent on obtaining financing. Apparently the lender suggested the name of an appraiser to use for this purpose. The court found that the appraisal of the inventory was indispensable in the obtainment of financing. The trial court found Corne to be in charge of the assets to be appraised and therefore, that Come was equally concerned with the identity of the person conducting the inventory appraisal.
The trial court found that Stiverson was acquainted with plaintiff and that he suggested to Corne that plaintiff was qualified to perform the appraisal. The court found that Corne was made aware of plaintiff's availability and fee through Stiverson while in Stiverson’s office. Furthermore, the court found that Stiverson requested that Corne approach Fontenot’s office and determine whether or not Fontenot agreed with the hiring of Pearce.
After finding that each participant in the negotiation signified assent to have Pearce do the work, the trial court found that there was no actual evidence to show that any participant agreed to be responsible for plaintiff’s fee. Consequently, the trial *1348 court found that plaintiff failed to prove, by a preponderance of the evidence, that a contract existed between him and the defendant.
We reverse the judgment of the trial court for the reasons that follow. Although a trial judge is in the best position to determine the credibility of the witnesses, and his findings must be accorded great weight and not disturbed on appeal, we find it apparent, as a result of our examination of the record, that the trial court committed manifest error. Carter v. Belle Chasse State School, 451 So.2d 63 (La.App. 4 Cir.1984), writ denied, 458 So.2d 120 (La.1984).
At trial, the only issue was whether Associates was responsible for Pearce’s services. The reasonableness of the charge for the services performed was not in dispute, nor was there any issue as to whether Pearce properly submitted an invoice for payment to Associates. The record contains direct testimony by Orlie Pearce and Dick Stiverson that Charles Corne, President of Associates, agreed to pay Pearce his fees for services rendered. Additionally, Associates, through its duly authorized representatives’ actions, silence, or inaction, clearly manifested its assent to be responsible for Pearce’s services which were performed at the request of Associates. Furthermore, these services were rendered under such circumstances as to create an implied obligation to pay therefor.
It is undisputed that Corne requested that Pearce submit a resume' regarding his credentials as an appraiser to Associates. At that time Corne was the President of Associates. Corne informed Pearce that he wanted Pearce to perform an appraisal of Associates’ equipment at various facilities. Come and Pearce met on November 4, 1983, regarding the appraisal to be performed, and an agreement was reached wherein Pearce would receive $200 per day plus expenses for his services. Pearce was to report on the results of the inventory to Come. Furthermore, Pearce stated that it was agreed he would charge Associates for his services. However, Corne, although admitting he did contact Pearce, requested that Pearce send a resume', informed him that he wanted an appraisal, and told Pearce that he had the job, denies he ever agreed to pay Pearce for the services to be rendered.
Contrarily, the record reflects that Corne, on behalf of Associates, agreed to or at the very least led plaintiff to believe that Associates would be responsible for the fee. None of the other parties involved with the appraisal agreed to pay Pearce. The other parties testified it was Corne who hired Pearce to do the appraisal. Additionally, the inventory and invoice were directly submitted to Corne, and not submitted to Fontenot or Stiverson.
Margaret Tremie, an employee of Associates, typed an inventory recap for which she was paid overtime by Associates. Fon-tenot testified that he received a copy of the typed inventory from Corne at Associates’ office. Margaret Tremie testified that she typed the invoice submitted by Orlie Pearce to Charles Corne. Fontenot testified that at no time did Pearce report directly to him, nor did he instruct Pearce with regard to the inventory. Additionally, Fontenot testified that he never negotiated or retained Pearce to conduct the inventory of Associates’ equipment. It is clear that Fontenot never had an agreement with Pearce to pay Pearce for his services, although Fontenot was present when Corne acknowledged that he had retained Pearce on behalf of Associates to perform the inventory.
The record reflects that Pearce proved, by a preponderance of the evidence, that Associates is responsible for his fee. In addition to direct testimony by Orlie Pearce, Dick Stiverson, Winston Fontenot, and Margaret Tremie, it is clear that Associates’ assent to pay Pearce’s fee was implied and manifested by the actions, silence, or inaction of Associates. In Elam v. Shushan, 205 La. 471, 17 So.2d 713, 714 (1944), our Supreme Court stated that *1349 when a party calls upon another to do a thing, in the absence of contrary proof, the law supposes an obligation to pay for what is actually done. The Court went on to state that actions without words, either written or spoken, are presumptive evidence of a contract when they are done under circumstances that imply consent to such a contract. Pearce was called upon by Charles Corne, on behalf of Associates, to do an inventory and appraisal. Consequently, the trial court erred in finding Associates was not responsible for the fee. We hold that Associates has an obligation to pay for the services rendered by Pearce.
CONCLUSION .
After reviewing the record, we find that the trial court improperly found for the defendant-appellee. The evidence at trial regarding the circumstances surrounding the entire transaction clearly shows that Associates obligated itself to pay for Pearce’s fee. Pearce was asked by Come to submit a resume' and perform an inventory of Associates’ assets. Pearce did perform the services requested and was accompanied on various trips by a representative of Associates, who assisted him at each job site with the local managers. Pearce, during the performance of his services, reported directly to Corne, and no other person and, upon completion of his services, submitted an inventory and invoice to Come. Corne did not at any time indicate to Pearce during the performance of his services, nor at the time of the submission of the inventory and invoice, that Associates would not be responsible for his fee. The circumstantial evidence surrounding Pearce’s services clearly indicates that Associates, through their actions, or inactions, signified its assent to be financially responsible. Corne did not tell Pearce that Associates would not be responsible for his anticipated services. There is no evidence in the record to suggest that the services were to be gratuitous.
It was entirely reasonable for Pearce to assume that Associates would pay for his services rendered. Associates gained an economic benefit by having its assets inventoried and appraised. That economic benefit was to the economic detriment of Pearce. Therefore, even if we were to find that Associates had not contracted in regard to payment for Pearce’s services, we would readily apply the equitable doctrine of unjust enrichment. La. C.C. art. 2055; Hendricks v. Acadiana Profile, Inc., 484 So.2d 242 (La.App. 3 Cir.1986).
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of plaintiff, ORLIE PEARCE, and against defendant, SAFETY & HEALTH ASSOCIATES, INC., in the amount of $3,600.00, plus legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED that all costs of this appeal and of the trial court are assessed against defendant-appellee.
REVERSED AND RENDERED.