SARTAIN, Judge.
Plaintiff-appellant, while working for Athena, Inc. (employer) was injured on November 16, 1964. He instituted this suit on June 23, 1966 for maximum workmen’s compensation benefits against his employer and its insurer, The Fidelity & Casualty Company of New York. The trial judge sustained defendants-appellees’ plea of prescription from which judgment plaintiff now appeals.
Athena is engaged in general construction and hired plaintiff as a crane or bull dozer operator at an hourly rate of $2.25. Plaintiff lost the sight of his left eye when a cable attached to a bucket on the boom of the crane he was operating snapped and struck plaintiff in the eye. Plaintiff received adequate medical attention and compensation payments for six weeks. He then returned to work for Athena but was not permitted to operate a crane or a bull dozer because the loss of the sight of his left eye hampered his depth perception. Recognizing this handicap plaintiff was assigned duties generally performed by common laborers. Whereas the wages for a common laborer were $1.40 per hour plaintiff’s salary was continued at the hourly rate of $2.25.
When plaintiff filed this suit he was still working for Athena.
LRS 23:1209 requires that all claims for workmen’s compensation benefits must be instituted within one year from the date of the accident or the date of the last payment. Since plaintiff’s suit was filed some sixteen months after receipt of the last payment, he, therefore, bears the burden of showing that his claim has not prescribed.
Plaintiff’s petition alleges three reasons why his claim is not barred by prescription. They are as follows: He was hired as a skilled crane or bull dozer operator at an hourly rate of $2.25. When he returned to work he was assigned duties of a general laborer. His wages were continued at $2.25 per hour but the scale of other laborers employed by Athena was $1.40 per hour. He therefore claims that the continuation of his wages for work of a lower classification constitutes wages in lieu of compensation. Secondly, plaintiff urges that in August of 1965 he sustained a double hernia for which he underwent surgery and received compensation payments for a period of four weeks while he was recuperating. He again returned to work at the same hourly scale of $2.25. He claims that the second accident and the payment of compensation therefor interrupted prescription on the first accident. Finally, plaintiff alleges that he was misled by defendants into believing that a settlement for the loss of his eye would be forthcoming and that these representations on the part of defendants interrupted prescription.
Defendants entered a general denial and in support of their plea of prescription maintained that the wages paid plaintiff were fully earned by him and were not given in lieu of compensation. They also claim that the second accident was totally unrelated to the first accident and that compensation payments paid for the second did not interrupt the running of prescription on the first. Lastly, defendants deny that plaintiff was misled into believing that defendants contemplated or promised him a settlement for the loss of his eye.
Evidence was taken on the exception and the trial judge determined that plaintiff had failed to bear the burden of proof on each of his contentions and that prescription had in fact barred his right to recover for the loss of his eye. The district judge considered the case of Mella v. Continental Emsco, 189 So.2d 716 (1st La.App., 1966, writs refused November 7, 1966) as “decisive of all issues in this matter”.
For reasons hereinafter stated we are of the opinion and must hold that the trial judge committed error in determining that plaintiff had fully earned his wages and *508 that his claim for workmen’s compensation had prescribed. Our examination of the record convinces us that the error was one of law rather than fact because the facts are not in conflict. We do not question the fact that plaintiff earned $1.40 but we must disagree with any finding that he earned $2.25 an hour.
When plaintiff returned to work after his eye injury it was readily admitted that on advice of his physicians he would not be permitted to operate a crane or bull dozer because of possible injury to himself or to others. He therefore assisted in the shop and in the field. Admittedly, the work he performed following this injury was physically demanding and plaintiff was of the opinion that he earned every cent he was paid. It was undoubtedly this statement by the plaintiff and the testimony of Athena’s foreman that the trial judge concluded that plaintiff fully earned the difference between $1.40 for unskilled workmen and the $2.25 per hour as a skilled operator. The unalterable fact remains that plaintiff never returned to the skilled work that he was capable of performing prior to the accident. The record also clearly shows that all other persons engaged by Athena as general laborers to do the same work plaintiff was performing were paid the lower scale of $1.40.
 The law applicable in cases such as this is fully discussed in Chapter 19, (The Retained Employee) of Louisiana Workmen’s Compensation by Professor Malone. In the case of Scalise v. Liberty Mutual Insurance Co., 84 So.2d 88, (1st La.App., 1955) there is also contained an extensive review of the jurisprudence of this state relative to the treatment of a retained employee. The general rule is that wages actually earned by an injured employee are not payments in lieu of compensation. Whether such wages are actually earned is determined by the facts and circumstances of the particular case. The type of services performed after injury whether similar or dissimilar may be relevant to the issue as to whether services were actually earned but is not decisive of the question.
Generally speaking in most cases the returning employee has been paid the same scale but the work required has been of a lighter nature. Here we are not dealing in physical comparisons. In the case at bar we have a skilled laborer who after the accident is capable of performing the more arduous physical work of a common laborer but is incapable of performing the work of a skilled operator.
We would not be confronted with a problem in this case if on his return to work as a common laborer plaintiff would have been paid $1.40, the scale of a common laborer. But he was not, his pay of $2.25 as a skilled operator continued. Herein lies the crux of this case. The record does not support the conclusion that his work was worth $.85 an hour more than other similarly situated employees. This difference has. to be wages in lieu of compensation.
The case of Mella v. Continental Emsco, supra, is clearly distinguishable from the facts in the instant matter. In Mella the plaintiff was originally employed as a warehouseman a position involving the performance of manual labor. On his return to work he was engaged full time by his former employer as a bookkeeper and office clerk. In his new classification the plaintiff therein earned a higher salary. He in fact received a promotion and the court determined that he fully earned his additional wages. This in our opinion is vastly different from a case where an injured employee returns to work, is assigned work of a lower classification, but is paid a salary higher than the classification of his new job.
In the Scalise case this court held that wages paid a returning welder who was assigned to lighter and “non-climbing” duties but paid the wages of a fully performing welder was actually paid wages in lieu of compensation because the wages were *509 “more than commensurate with the services rendered”.
In the recent case of Daigle v. Liberty Mutual Insurance Co., La.App., 205 So.2d 507, plaintiff lost an eye while performing his duties as a dragline operator. In finding for the defendant on a plea of prescription the court held:
“The only difference between plaintiffs duties before and after the accident is that he says most of his time before the accident was spent in rigging up and moving dirt ‘to a grade’, whereas after the accident most of his work was back filling and road building, a less skilled operation.”
The court found that plaintiff was in fact still operating a dragline and that he had failed to carry his burden of proof.
In the case now before us Aucoin has not worked again as an operator. His duties consist of mowing, chipping, etc., for which the employer pays $1.40 per hour but for which plaintiff receives $2.25. Plaintiff sometimes works as a truck driver and sometimes as a truck loader but is allowed to load only company trucks because plaintiff has considerable difficulty in adjusting his depth perception with only one eye.
. In conclusion we therefore hold that when Athena, Inc. paid plaintiff a much higher wage than necessary to get the job done it constituted a recognition by defendants that plaintiff has a just claim and were payments in lieu of compensation which served to interrupt the prescriptive period.
Accordingly, for the above and foregoing reasons the judgment of the district court sustaining defendants’ plea of prescription is reversed and this cause is remanded for further proceedings consistent with the views herein expressed. The cost of this appeal is to be borne by defendants. All other costs are to await final determination on the merits.
Reversed and rendered.