225 So.2d 756 (1969)
Jessie FRANCIS
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
No. 3581.
Court of Appeal of Louisiana, Fourth Circuit.
August 4, 1969.
*757 Garrett & Carl, Clifton S. Carl and James H. Leveque, III, New Orleans, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Thomas F. Jordan, New Orleans, for defendant-appellant.
Before HALL, REDMANN, and LE SUEUR, JJ.
REDMANN, Judge.
Defendant appeals from a judgment awarding plaintiff workmen's compensation benefits for total and permanent disability and medical expenses, and penalties and attorney's fees.
Plaintiff, a class A industrial refrigeration mechanic, suffered injury on rising after squatting down to look at a water cooler he was to repair for his employer. As he rose his knee "popped or something". His injury was diagnosed as a tear and incarceration of the medial meniscus. Even after orthopedic surgery, plaintiff remains unable to climb with safety, and climbing was necessary in 50 to 75% of his work.
Defendant argues the incident was not an "accident", and did not "arise out of" the employment, within the meaning of the workmen's compensation law; and, alternatively, that defendant is entitled to credit for wages paid as in lieu of compensation.
The incident was an accident, defined by LSA-R.S. 23:1021(1) as
"* * * an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
Defendant's argument is that the lack of an outside force, of external trauma or other exterior cause, excludes plaintiff's injury from the compensable class. But even the definition of the word injury at § 1021(7) refers simply to violence, and not external violence. Furthermore, we see no reasonable basis for distinguishing our situation, where plaintiff's work itself required him to lift his body, from that of Jackson v. Travelers' Ins. Co., 180 La. 43, 156 So. 169 (1934), where plaintiff's work required him to lift a cross-tie. In both cases it is the exertion of the body itself which produces the force whose (relative) violence causes the injury. See also Satterwhite v. Zurich Ins. Co., 199 So.2d 429 (La.App.1967).
We also conclude plaintiff's was an injury by accident "arising out of" his employment, LSA-R.S. 23:1031.
Defendant's argument is that the compensation philosophy is only that business should bear as a cost the risks to workmen as such, and not as members of the general public. Defendant contends that squatting at work, like breathing at work, is only a bodily function, and the injury here is due only to a bodily malfunction which could have happened anywhere and is totally unconnected to the employment (except that it occurred "in the course" thereof).
Defendant cites Myers v. Louisiana Ry. and Nav. Co., 140 La. 937, 74 So. 256, 259 (1917), for its recital
"It ought to be sufficient that the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment."
The court's quoted statement rejected an argument that being struck by a wind-blown door did not arise out of plaintiff's employment as a carpenter, any more than out of any other employment. The court then indicated recovery is justified where "the exigencies of his employment had imposed upon him the risk from his exposure to which" the injury resulted. The court's *758 earlier statement of the "sufficiency" of certain circumstances for recovery does not state a requirement for recovery: to say, e. g., the testimony of five given witnesses was "sufficient" to prove a fact does not mean that the testimony of five is required, and that of two insufficient, to prove such a fact.
The inappropriateness of attempting to use Myers' "sufficiency" statement as a requirement statement is indicated in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932), itself criticized in Edwards v. Louisiana Forestry Comm., 221 La. 818, 60 So.2d 449, 450 (1952), noting "the inability of the courts to draft any determinative test." Edwards, 60 So.2d at p. 451, discussing "arising out of", quotes with approval the conclusion
"* * * that under the broad view now taken of these statutes `* * * no more is necessary than that the work subject the employee to a peril which comes from the fact that he is required to be in the place where it strikes when it does so. It is immaterial whether the place is the employer's premises or a street; whether the risk arises from physical features or human agencies connected with the place; whether it is a common occurrence or an extraordinary happening; one which threatens only employees at work or others also.' * * *"
The court then observes:
"These pronouncements reflect the modern judicial concept of compensation legislation, which is based on the premise that the phrase `arising out of the employment' does not have the same connotation as the common law `scope of employment,' the interpretation earlier attributed to it, but means, instead, the employment viewed from any aspectits nature, conditions, obligations, and incidents. They lend emphasis to the growing recognition of the fact that judicial interpretation of these acts creating liability irrespective of fault in the light of common law liability predicated on fault hedges this humanitarian legislation about with the very restrictions it sought to circumvent and abolish, and nullifies the underlying insurance principle inherent in this industrial compensation. * * *"
We believe it would be a case of not seeing the forest for the trees to let theoretical considerations obscure the fact that plaintiff's employment itself required him first to squat and then to rise; that rising was a duty of his employment in furtherance of his employer's business, as a direct (although unforeseen) consequence of which his injury resulted. This injury arose out of the employment.
Defendant's alternative contention on appeal is that it is entitled to credit for the period between plaintiff's return to work and trial, during all of which plaintiff has worked for defendant at full wages.
Defendant does not argue that plaintiff's disability is only partial, in which case compensation is based on the difference between pre- and post-disability pay: in this case, zero; LSA-R.S. 23:1221(3). The result sought is similar, the approach being that plaintiff is only partially performing his job and so is only partially earning his pay, the balance being a gratuitous payment which discharged in full (somehow) each week's compensation benefit.
It is a matter of definition that the disability which entitles plaintiff to compensation prevents him from doing all the duties of his prior employment. But the test for treating wages as in lieu of compensation is not whether he does all his prior work (if he did he could not claim disability); rather the test is whether the wages are earned, by such work as the claimant in fact does; Madison v. American Sugar Rfg. Co., 243 La. 408, 144 So.2d 377 (1962). Here the record shows that plaintiff is occupied during virtually all of his time, doing work which a class A mechanic *759 would do. We believe plaintiff has earned the wages he has been receiving and defendant is entitled to no credit for them against compensation.
Penalties and attorney's fees are due only where the employer's refusal to pay benefits is "arbitrary, capricious, or without probable cause", LSA-R.S. 23:1201.2. We believe the only probable cause defendant had was its apparently good faith belief that the wages after return should discharge the weekly compensation benefit due. This was surely not an arbitrary or capricious position, in view of plaintiff's inability to climb; and the penalty provision is plainly not intended to require an employer to forego asserting a reasonable defense.
While this probable cause does not apply to the medical expenses, we find that medical services at defendant's cost were available to plaintiff. The agreement between defendant and the union representing plaintiff and other employees obliged defendant to provide medical insurance which defendant says would have paid the medical expenses. Somewhat similar in effect, the agreement obliged defendant to pay for any sickness or accident a specified benefit (greater than compensation amounts) for a 26-week period. Thus the bargain between defendant and the employees is that, compensable accident or not, the employees would get medical benefits and disability payments. An employee who has a workmen's compensation claim might be concerned about the implications of acceptance of insurance benefits designed to protect in non-compensation cases. But we do not believe that an employer should be penalized who in fact affords payment for medical expenses, regardless of how he does so. After all, as a matter of law the employee could not compromise his claim merely by accepting medical payments from a source designed for non-compensation cases; LSA-R.S. 23:1271.
We therefore conclude the judgment appealed from should be amended to reject plaintiff's claim for penalties and attorney's fees, and as thus amended the judgment is affirmed.
Amended and affirmed.