BLANCHE, Judge.
Plaintiff, Leon Harrell, seeks workmen’s compensation benefits as a result of an accident sustained by him in the course and scope of his employment on December 28, 1965. Suit was filed on January 5, 1968; and the plaintiff’s employer, Louisiana Ready-Mix Company, Inc., and its compensation insurer, Fireman’s Fund Insurance Company, filed a peremptory exception alleging that the claim had prescribed since more than one year had elapsed from the date of the last payment of compensation and more than two years had elapsed from the date of the accident to the commencement of the action. The matter was set down for trial and evidence taken, and the trial judge, without assigning any reasons therefor, sustained the exception and dismissed plaintiff’s suit. From this judgment the plaintiff has taken this appeal and assigned as error (1) the failure of the trial judge to find that the prescriptive period provided for by LSA-R.S. 23:1209 was interrupted by the payment of wages to plaintiff in lieu of compensation and (2) the failure of the trial judge to find that prescription had been tolled by virtue of plaintiff’s having worked in pain after the accident and until suit was filed.
The following résumé encompasses the salient factual findings determinative of the issues. Plaintiff was employed as a cement truck driver, and on the day of the accident suffered an injury to his back. Shortly thereafter he was hospitalized and a laminectomy was performed resulting in the removal of the intervertebral disc at the level of L-4 and L-5. After a six-week period of recuperation, he resumed his duties as a truck driver. Thereafter and for a period of time estimated to be between four to six months, plaintiff attempted to drive a cement truck but could not do so without experiencing severe pain. On November 18, 1966, plaintiff was reevaluated by his treating physician, who advised that plaintiff was probably disabled to perform the duties of a truck driver and recommended an occupation of a less strenuous type if the same were available. His employer then created the job of yard foreman for plaintiff at the same rate of pay as that of a truck driver. The job of yard foreman was also required by the necessity of the employer’s business, and this position the company has since filled with other employees. After plaintiff’s employment with the Louisiana Ready-Mix Company terminated, he became employed as a yard foreman for another concrete company. Though the duties of yard foreman were lighter than the duties required of a truck driver, this job was, nevertheless, a useful and necessary employment in the operation of the cement plant. Plaintiff’s duties as yard foreman required him to direct the movement of fifty or more concrete trucks while they were in the yard, and he supervised both loading and unloading operations and the cleaning of the trucks after use. The job was regarded by plaintiff’s own witnesses as a promotion, and the salary which he received was commensurate with his duties. After plaintiff worked as foreman for a period of approximately a year and a half, he testified that his employer began to cut down on the number of hours he was working and put another employee over him in the yard. Thereafter, plaintiff filed suit “to protect and preserve his rights under the Louisiana Workmen’s Compensation Act” and was immediately fired.
Only plaintiff testified as to pain experienced by him while employed as a yard foreman.
Plaintiff has the burden of proving an interruption of prescription when one year has elapsed since the last compensation payment and the defendant has pleaded prescription. Mella v. Continental Emsco, 189 So.2d 716 (La.App. 1st Cir. 1966), writ refused, 249 La. 762, 191 So.2d 141 (1966); Granger v. Nichols Construction Corporation, 202 So.2d 337 (La.App. 1st Cir. 1967); LaBauve v. Fireman’s Fund American Insurance Companies, 228 So.2d 534 (La.App. 1st Cir. 1969).
*412 The payment of wages in lieu of compensation interrupts the prescriptive period provided for by LSA-R.S. 23:1209. Mella v. Continental Emsco, cited supra, and the criteria to determine whether wages are paid in lieu of compensation has frequently been discussed. Counsel for defendant has made an excellent research of cases bearing on this issue, and we take the liberty of quoting from cases cited in his brief.
In Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962), the Court stated:
“ * * * The basic test for determining whether they are made in lieu of compensation is whether the wages paid after the injury are actually earned. This, of course, is determined by the facts and circumstances of a particular case. The fact that the services performed after the injury are similar, or dissimilar, to the services performed before may be relevant to the question of whether the wages are actually earned, but it is not decisive of it.” (Madison v. American Sugar Refining Company, 144 So.2d 377, 380)
In Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756 (La.App. 4th Cir. 1969), the Court stated:
“[T]he test for treating wages as in lieu of compensation is not whether he does all his prior work (if he did he could not claim disability) ; rather the test is whether the wages are earned, by such work as the claimant in fact does * * (Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756, 758)
In the Third Circuit case of Daigle v. Liberty Mutual Insurance Company, 205 So. 2d 507 (La.App. 3rd Cir. 1967), the Court stated that the issue depended upon the facts of each case and:
“[T]he mere fact that the duties were similar or dissimilar, heavier or lighter, or more or less skilled, is relevant but not determinative. Plaintiff must show that he was not earning his wages after the accident. * * * ” (Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507, 509)
In Mella v. Continental Emsco, cited supra, the plaintiff in that case as in the instant case, after a laminectomy, returned to work with his former employer but performed entirely different duties. In denying that the wages earned were in lieu of compensation, the Court stated:
“It appears that following his return to work in July, 1962, appellant engaged in work of an entirely new and different classification. * * * It further appears that in such capacity plaintiff discharged all duties incumbent upon him without assistance for which services he received a salary commensurate with his efforts.” (Mella v. Continental Emsco, 189 So.2d 716, 720)
In Aucoin v. Fidelity & Casualty Company of New York, 217 So.2d 506 (La. App. 1st Cir. 1968), the Court considered whether the plaintiff, a skilled dragline operator who lost the sight in one eye, was being paid wages in lieu of compensation. After returning to work plaintiff performed the duties of a common laborer but continued to receive the pay of a skilled dragline operator. From this fact the Court concluded:
“[Wjhen Athena, Inc. paid plaintiff a much higher wage than necessary to get the job done it constituted a recognition by defendants that plaintiff has a just claim and were payments in lieu of compensation which served to interrupt the prescriptive period.” (Aucoin v. Fidelity & Casualty Company of New York, 217 So.2d 506, 509)
In the Aucoin case the decision in Mella was distinguished by stating:
“ * * * In Mella the plaintiff was originally employed as a warehouseman a position involving the performance of manual labor. On his return to work he *413 was engaged full time by his former employer as a bookkeeper and office clerk. In his new classification the plaintiff therein earned a higher salary. He in fact received a promotion and the court determined that he fully earned his additional wages. This in our opinion is vastly different from a case where an injured employee returns to work, is assigned work of a lower classification, but is paid a salary higher than the classification of his new job.” (Aucoin v. Fidelity & Casualty Company of New York, 217 So.2d 506, 508)
Several factors lead us to conclude that the wages paid plaintiff were not a gratuity so as to interrupt the running of prescription — the nature of plaintiff’s duties as yard foreman, the fact that the job was regarded as a promotion for plaintiff and that it was also a job created out of the necessity of defendant’s business, as well as the testimony of witnesses that plaintiff performed his duties well and earned the wages paid him.
Finally, plaintiff urges that prescription was tolled by virtue of his having worked in pain all during the time of his employment. Certainly the injury and operation which was performed on plaintiff can be regarded as serious and of such a nature as to be reasonably suggestive of recurring difficulty. However, plaintiff was relieved of his job as truck driver, which he could not perform except in pain, and for a period in excess of a year worked as yard foreman evidently without complaint. Further, if plaintiff did work in pain, he required no assistance from others and performed his duties well. The record simply does not support plaintiff’s contention that he worked in substantial pain until the time that the suit was filed.
Not only the record, but also the law, fails to support appellant’s argument. Working in pain does not suspend prescription. Working in pain addresses itself to the nature of the plaintiff’s disability and depending thereon whether the proceedings must be brought within the one or the two-year period under LSA-R.S. 23:1209, Gary v. Fidelity and Casualty Company of New York, 158 So.2d 866, 868 (La.App. 3rd Cir. 1963), writ denied 245 La. 633,160 So.2d 225 (1964).
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.