BEER, Judge.
Plaintiff-appellant, Rivers Hall (hereafter, Hall) filed this workmen’s compensation suit in the Twenty-Fifth Judicial District Court for the Parish of St. Bernard on October 4, 1974. Defendant-appellee, Kaiser Aluminum & Chemical Company (hereafter, Kaiser) peremptorily excepted to Hall’s petition, contending that Hall’s claim had prescribed on October 1, 1974, one year subsequent to his alleged injury. After a full hearing on the exception, the trial court dismissed Hall’s suit. The sole issue before us is the correctness of the trial court’s determination that there was no merit to Hall’s contention that he received wages in lieu of compensation, thus interrupting prescription. We find that the record supports the trial court’s deter-’ mination and affirm.
Since the suit was filed more than a year after the accident, Hall had the burden of showing that prescription had been interrupted. Gulling v. E. I. Dupont de Nemours & Co., 228 So.2d 750 (La.App.4th Cir. 1969.) The only evidence which he offered in support of this contention was his uncorroborated testimony that while he reported to work and received his pay until his discharge in December, 1973, he had not performed any services whatsoever following his alleged injury on October 1, 1973.
The only period of time that is really important to this decision is the period between October 1, 1973 and October 4, 1973. If Hall was, as he alleged, receiving what would constitute wages in lieu of compensation during that brief period, his suit filed on October 4, 1974 would be timely. However, the record supports a finding that this was not the case. We believe that the trial court was correct in making a credibility determination adverse to plaintiff. There was a direct contradiction *253 between witnesses in connection with the question of whether Hall worked or just sat around during this crucial period aqd we will not disturb the trial court’s credibility call. Canter v. Koehring Co., 283 So.2d 716 (La., 1973).
The judgment is affirmed at appellant’s cost.
Affirmed.