SCHOTT, Judge.
Defendants, Methodist Hospital and its insurer Argonaut Insurance Company, appeal from judgments dismissing their exceptions of prescription and prematurity and awarding Workmen’s Compensation benefits for total and permanent disability to plaintiff.
Plaintiff, while working as a housekeeping aid at the hospital, sustained injuries to her wrist in a fall on July 10, 1970, in an operating room. She received compensation payments for the period from July 22 to July 28, 1970, thereafter returning to her regular duties.
On July 13, 1971, plaintiff consulted one of the hospital’s staff physicians, Dr. Veca, complaining of wrist pain. Periodically thereafter she visited the doctor complaining of pain. On February 22, 1973, exploratory surgery was performed to determine the cause of her discomfort, but none was found. Plaintiff received compensation payments for her recuperative period following surgery from February 22 to April 1, 1973. She then returned to work and was still working at the time of the trial in October, 1974. Her suit was filed on November 20, 1973.
The dispositive issue for us is whether plaintiff’s claim was barred by the prescription or preemption of two years established by LSA-R.S. 23:1209. In overruling this exception the trial judge found that plaintiff’s earnings subsequent to the accident were “wages paid in lieu of compensation,” so that the two year prescriptive period was interrupted. But in refusing to give defendants any credit against compensation benefits for these wages, the trial judge stated as follows:
“Since this injured employee actually worked for the wages paid to her, the Court concludes that these wages were earned and no credit is to be allowed insofar as compensation due is concerned. Wages in lieu of compensation may prevent prescription or preemption of the claim, but if the claimant actually and in fact performed the services for which those wages were paid, there is no credit due therefore against compensation.”
In Francis v. Kaiser Aluminum & Chemical Corporation, La.App., 225 So.2d 756, this Court considered whether or not plaintiff’s earnings were wages in lieu of compensation to determine whether the employer was entitled to a credit against compensation benefits due plaintiff. The Court said : *205 The same test must now be used by us for treating plaintiff’s wages as in lieu of compensation and for determining whether prescription has run or not. Therefore, the trial judge’s findings are inconsistent and we have made a determination based upon our own examination of the record.
*204 “ . . . But the test for treating wages as in lieu of compensation is not whether he does all his prior work (if, he did he could not claim disability); rather the test is whether the wages are earned, by such work as the claimant in fact does; Madison v. American Sugar Rig. Co., 243 La. 408, 144 So.2d 377 (1962).”
*205 When plaintiff returned to the payroll in July, 1970, she resumed her duties in the operating rooms. She testified: It was painful for her to work, especially in cleaning overhead surfaces or objects; she complained to her supervisors to no avail although she was eventually transferred out of the operating rooms at her request and assigned elsewhere on a night shift to do what she considered to be easier work ; she was at some point in time reassigned to another shift cleaning patients’ rooms and baths; she continued to suffer and performed her duties as best she could without the use of the right injured wrist which she usually kept in her pocket; although she was paid her salary and given the same raises as other employees were she could not do her work without assistance from other employees, and even visitors in the hospital; and she once received an official complaint about the manner in which she performed her duties.
On the other hand, Mrs. Vivian LaMonte, who was director of housekeeping at the hospital between 1968 and 1973, testified that plaintiff’s work after her accident was satisfactory; the transfer from the operating room did not take place until May, 1972 (a fact verified by hospital records) and this was pursuant to a request she made even before the accident (a specific fact finding of the trial judge). Mrs. La-Monte characterized plaintiff’s complaints to her as typical of all the housekeepers’ complaints, both before and after her accident,'i. e., that there was too much work and not that plaintiff couldn’t perform because of her injury. Mrs. LaMonte described plaintiff as a slow worker at all times before and after the injury. She did admit that plaintiff once after the accident declined to sign her name with her right hand, she favored her right hand by not putting pressure on it, she held her mop with two fingers of her right hand, and she heard from others that plaintiff avoided the use of her right hand in the general performance of her work.
Plaintiff relies heavily on the testimony of Mr. Algimentas Bumelis, who became director of housekeeping in August, 1973, and continued as such until June, 1974. While his testimony was relevant to the issue of the extent of plaintiff’s disability, i. e., whether total and permanent or not, it does not relate to the issue of whether plaintiff’s earnings were wages in lieu of compensation during the crucial period of July, 1970, until July, 1972, since he did not come into contact with plaintiff until August, 1973.
The evidence preponderates to the effect that plaintiff, although suffering with an injured wrist, performed her duties and earned her salary for two years after compensation benefits were paid in July, 1970. Applying the rationale of Francis v. Kaiser Aluminum & Chemical Corporation, supra, she did not receive wages in lieu of compensation and her claim is barred by the two year prescription of LSA-R.S. 23:1209.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendants, maintaining their exception of prescription and dismissing plaintiff’s suit at her cost.
REVERSED AND RENDERED.