353 So.2d 424 (1977)
Robert PECK
v.
ORLEANS LEVEE BOARD and Houston General Insurance Company.
No. 8871.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearing Denied January 11, 1978.
Writ Refused February 24, 1978.
*425 Windhorst, Heisler, De Laup & Wysocki, Steven M. Koenig, New Orleans, for plaintiff-appellant.
O'Keefe, O'Keefe & Berrigan, Arthur J. O'Keefe, New Orleans, for defendants-appellees.
Before REDMANN, SCHOTT and BEER, JJ.
BEER, Judge.
This appeal results from a judgment of the trial court dismissing plaintiff's compensation claim on the basis of one year prescription as provided by La. R.S. 23:1209.
Robert Peck filed suit on June 16, 1976, against his employer, the Orleans Levee Board, and its insurer, Houston General Insurance Company. He alleged an injury on Sunday, May 4, 1975, while in the course and scope of his employment as an Orleans Levee Board Police Officer. He further alleged that his injuries were not immediately disabling and did not become so until September, 1975.
By supplemental and amending petition filed August 11, 1976, he added the following allegations:
"XIIa.
After the accident which is complained of herein, the plaintiff was placed on light duty and was still paid his regular salary. The duties he performed were not commensurate with the salary received and thus his salary was paid to him in lieu of compensation payments.
* * * * * *
That the light duties assigned to the plaintiff was that of looking out for the lifeguards at the lakefront. These duties were entirely different than his previous duties and he performed the light work throughout the summer of 1975."
Defendant's insurer filed a peremptory exception of prescription on the grounds that both the date of the accident and the date on which the injury developed and manifested itself were more than one year prior to the date of filing suit. At the hearing of the exception, testimony of Peck showed that prior to the accident, plaintiff was employed as a police officer in charge of a group of other policemen. His pay for performing this job was approximately $850.00 per month. When he returned to work, he was placed in charge of a group of lifeguards who, as employees of the Orleans Levee Board, were supervised and checked by the Orleans Levee Board Police. His duties included seeing that the lifeguards reported to work and periodically checking to see that they were at their stations and properly performing their duties. His pay for performing this job was the same, $850.00 per month, as he had received in his position as a police officer.
No evidence regarding the date upon which the disability manifested itself (as different or subsequent to the date of the alleged injury) was adduced at the hearing.
Peck now contends:
1. That the trial court failed to treat Peck's continued compensation at the rate of $850.00 per month during the time he performed lighter duties as lifeguard supervisor as being partially a gratuity given in lieu of disability payments, which would result in the interruption of prescription,
2. That the trial court refused to allocate to defendant the burden of proving that plaintiff's disability did not manifest itself until after June 16, 1975, and,
3. That the trial court erred in dismissing the suit against the Orleans Levee *426 Board, which did not join in the exception of prescription filed by Houston General Insurance Company.
Heymann v. Dixie Leasing Corp., 250 So.2d 118, 120 (La.App. 4th Cir. 1971), provides that:
". . . The basic test is whether the wages paid subsequent to the injury were actually earned. The mere fact that the duties before and after the accident were similar or dissimilar, heavier or lighter, is relevant but not determinative of the issue. And whether the wages were actually earned is determined by the facts and circumstances of each particular case."
Patterson v. Methodist Hospital, 329 So.2d 203 (La.App. 4th Cir. 1976), writ denied, La., 332 So.2d 862, and Francis v. Kaiser Aluminum and Chemical Corp., 225 So.2d 756 (La.App. 4th Cir. 1969), are, we believe, applicable to the facts of this case.
There is no factual issue that, upon returning to work, Peck was assigned to full time duties which entailed some differing but also some similar responsibilities to those with which he was assigned previously.
Ledoux v. William T. Burton Co., Inc., 171 So.2d 795 (La.App. 3rd Cir. 1965), writ denied, 247 La. 715, 174 So.2d 130, and O'Quain v. Rockwood Insurance Company, 335 So.2d 85 (La.App. 3rd Cir. 1976), are also in point since there was no indication (and, thus, no ready inference) that a lifeguard supervisor performing the duties Peck performed after his return to work would earn less than he was paid to fulfill his supervisory responsibilities. Indeed, there is no evidence indicating that the rate of pay of a lifeguard supervisor is (or has been) different from that of a police officer nor, most importantly, that Peck did not earn his pay. Specifically, on this critical issue, the record shows that Peck performed his full duties as lifeguard supervisor and filled this position in the same manner as his predecessor.
Accordingly, we are of the view that there is support in the record for the trial judge's factual determination to the effect that Peck's wages were "actually earned" and were not, in any respect whatsoever, paid in lieu of compensation. Certainly, we cannot conclude that such a determination by the trial judge was manifestly erroneous.
We find no merit in appellant's second and third allegations of error. The bare, totally unsupported contention that an injury occasioned on some particular date did not manifest itself until some later date is not a sufficient basis upon which to require the defendant to prove prescription when, on the face of the pleadings, prescription has taken its toll. See Gulling v. E. I. DuPont de Nemour and Company, 228 So.2d 750 (La.App. 4th Cir. 1969); Hall v. Kaiser Aluminum Company, 329 So.2d 251 (La.App. 4th Cir. 1976); and Drane v. City of New Orleans, 328 So.2d 752 (La.App. 4th Cir. 1976).
The prescriptive bar which applies to the claim against the insurer is applicable to the insured, defendant has, in this court, pleaded prescription against the insured employer, and judicial economy requires that we enforce same as to both parties.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is affirmed, at appellant's costs.
AFFIRMED.