ROLAND L. BELSOME, Judge.
 

 | ^Plaintiff-Appellant Merrill Joseph Amos appeals the Office of Workers’ Compensation’s grant of exception of prescription in favor of Defendant-Appellee, Rooms to Go Louisiana Corporation. For the reasons that follow, we find that Appellant’s claim has prescribed and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellant, Mr. Amos, alleged that he suffered three separate work related injuries while employed with Rooms to Go on July 3, 2007, August 4, 2007, and January 6, 2008. Appellant was continuously paid his full salary from the date of the first accident on July 3, 2007, until he was terminated on or about June 30, 2008. Appellant filed his claim for compensation on April 6, 2009.
 

 Rooms to Go filed an exception of prescription, asserting that no indemnity benefits were paid and more than one year had passed since the date of the last alleged accident of January 6, 2008. After a hearing on July 20, 2009, the exception was sustained by the Office of Workers’ Compensation (“OWC”). This appeal followed.
 

 STANDARD OF REVIEW
 

 In reviewing a peremptory exception of prescription, an appellate court will review the entire record
 
 to
 
 determine whether the trial court’s finding of fact was | (¡manifestly erroneous.
 
 Katz v. Allstate Ins. Co.,
 
 04-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 445 (citing
 
 Davis v. Hibernia National Bank,
 
 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61). “When evidence is received on the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in
 
 Stobart v. State Through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993).”
 
 Katz,
 
 04-1133, 917 So.2d at 445; see also
 
 Regan v. Lakeland Medical Center,
 
 2003-1347, p. 6 (La.App. 4 Cir. 3/24/04), 871 So.2d 453, 458.
 

 DISCUSSION
 

 In his sole assignment of error, Appellant argues that the trial court erred in granting the exception of prescription because payment of his full wages until his termination constituted payments in lieu of Workers’ Compensation, thus interrupting prescription. Rooms to Go submits that Appellant never received indemnity benefits, but rather worked full time, receiving his full salary until he was terminated for non-Workers’ Compensation related issues.
 

 Pursuant to La. R.S. 23:1209(A),
 
 [1]
 
 Appellant’s claim must have been filed
 
 *285
 
 within one year of January 6, 2008. If a claim is prescribed on the face of the [ ¿pleadings, the burden shifts to the plaintiff to demonstrate that the claim has not prescribed.
 
 London Towne Condominium Homeowner’s Ass’n v. London Towne Co.,
 
 2006-401, p. 9 (La.10/17/06), 939 So.2d 1227, 1234. Accordingly, in this case, the burden was on Appellant to establish that his claim had not prescribed.
 

 No witnesses testified at the hearing. Appellant submitted records of his wages covering the pay period of February 15, 2007 through June 30, 2008. These wage records establish that Appellant was paid the same salary on each paycheck during this period and that he earned his regular taxable wages continuously from the date of his first accident until his termination.
 
 [2]
 
 Furthermore, a review of the hearing transcript indicates that counsel for Appellant conceded that Appellant continued to work full time after the accidents and earned his full-time wages. Although Appellant asserts he was assigned light duty, no evidence regarding same was submitted.
 

 Prescription can be interrupted when the payment of wages is made in lieu of compensation
 
 and
 
 the claim is filed within one year of the final wage payment.
 
 Payne v. Orleans Parish School Board,
 
 2000-0682 (La.App. 4 Cir. 3/2/06), 929 So.2d 121,
 
 writ denied,
 
 2006-0718 (La.5/26/06), 930 So.2d 34. It is well-settled in Louisiana that the test to determine whether wages were paid in lieu of compensation is whether the wages paid after the injury were
 
 actually earned
 
 by the employee; if so, then the wages were not paid in lieu of compensation, and prescription is not interrupted.
 
 Peck v. Orleans Levee Board,
 
 353 So.2d 424, 426 (La.App. 4th Cir.1977);
 
 writ denied,
 
 355 So.2d 259 (La.1978);
 
 Matthews v. New Orleans Public Service, Inc.,
 
 349 So.2d 408, 410 (La.App. 4th Cir.1977). “The |fimere fact that the duties before and after the accident were similar or dissimilar, heavier or lighter, is relevant but not determinative of the issue.”
 
 Peck,
 
 353 So.2d at 426 (quoting
 
 Patterson v. Methodist Hospital,
 
 329 So.2d 203 (La.App. 4th Cir.1976)).
 

 In this case, the record supports the court’s determination that Appellant earned his full wages for work he actually performed. Appellant simply failed to meet his burden and set forth any evidence that he was paid regular wages in lieu of workers compensation, either by affidavit or testimony.
 
 [3]
 
 Likewise, in his
 
 *286
 
 brief, Appellant cites no support for the proposition that the alleged fact pattern in this case demonstrates that wages were paid in lieu of compensation.
 
 [4]
 
 Considering the record in its entirety, we cannot conclude that the lower court’s determination that prescription was not interrupted was manifestly erroneous or clearly wrong.
 
 [5]
 

 CONCLUSION
 

 For the foregoing reasons, the judgment is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . La. R.S. 23:1209(A) provides as follows:
 

 A. (1) In case of personal injury, including death resulting therefrom, all claims for
 
 *285
 
 payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
 

 (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 [2]
 

 .
 
 See also Cheatham v. Morrison, Inc.,
 
 469 So.2d 1219 (La.App. 1 Cir.1985)(employee who had been discharged by her physician for light duty but testified that she actually worked for the paycheck she received, and performed the same work as before the injury, was held to have not received wages in lieu of compensation).
 

 [3]
 

 . Stated another way, the only proof offered by Appellant that the wages were paid in lieu of compensation or that Appellant was as
 
 *286
 
 signed light duty were the in the form of arguments set forth by his counsel.
 

 [4]
 

 . Counsel for Appellant referenced one case at the hearing on the exception,
 
 Worley v. Town of Brusly
 
 (La.App. 1 Cir. 12/21/07), 978 So.2d 406; however, in that case, the employee did not return to work for three months, but performed some minimal work from home. Additionally, the employee in
 
 Worley
 
 testified extensively regarding the work performed post-accident and how it differed from the duties he performed pre-accident.
 

 [5]
 

 . Appellant’s argument that he was not allowed a full evidentiary hearing or trial on the merits to prove his wages were paid in lieu of compensation must fail, as La.Code Civ. Proc. art. 929 specifically permits a court to decide an exception of prescription prior to a trial on the merits, and the lower court held a hearing on the exception, at which time Appellant was free to introduce evidence and testimony pursuant to La.Code Civ. Proc. art. 931. Furthermore, a review of the record evidences that Appellant has asserted this argument for the first time on appeal.